IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROBIN OBENOSKEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| EASTEX CRUDE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### I. INTRODUCTORY STATEMENT

This is an action brought under Title VII of the 1964 Civil Rights Act and 42 U.S.C. 1981a

for gender discrimination and retaliation and under the Americans With Disabilities Act as amended

(ADAAA).

### II. PARTIES

1.     Robin Obenoskey is a female citizen  United States and a resident of DeKalb, Texas.

2.     Defendant Eastex Crude Company is a business doing business In the Eastern District Of

Texas Marshall Division.  The defendant resides in the Eastern District Of Texas, Marshall Division

and maintains records relevant to Plaintiff's claims in said district and Division.   Venue is therefore

proper in the Eastern  District Of Texas Marshall Division.

### III. JURISDICTION

3.     Jurisdiction is conferred on the Court by the Title VII of the 1964 Civil Rights Act, 42 U.S.C.

§ 2000e et. seq. giving the District Court original jurisdiction of any civil action or proceeding

arising under any Act of Congress regulating commerce without regarding to the citizenship of the

parties or the sum or value in controversy.  The jurisdiction of this court is invoked to secure

protection of and redress deprivation of rights secured by federal law which provides for relief for

sex discrimination and retaliation for opposing conduct made illegal by Title VII as well as by 42

U.S.C. § 1981 and 1981a. Jurisdiction is also invoked to secure Plaintiff's rights under the ADAAA.

## IV.  PROCEDURAL PREREQUISITES

4.      On June 11, 2013 Plaintiff timely filed a charge of discrimination with the Equal Opportunity

Commission regarding the matters herein asserted, specifically that defendant had discriminated

against her on account of her gender by paying her less than similarly situated men, had failed to

reasonably accommodate her disability and had fired her in retaliation for having opposed the

foregoing.  On the same day Plaintiff was given a notice of right to sue within 90 days and brings

this suit within the time specified by law.  All conditions precedent to the maintenance of this action

has occurred or been satisfied.

## V. FACTS

5.      Plaintiff began work for defendant as an accounting manager on April 1, 2006.  While

employed by defendant Plaintiff received promotions, regular pay raises and bonuses in escalating

amounts and regular praise for her work. The occasion when Plaintiff was praised by her supervisors

was October 8, 2012 when she was assured that the company appreciated her effort and that he

performance was never an issue.  Notwithstanding her excellent performance Plaintiff was paid less

than defendant would pay a similarly qualified male employee because of her gender.  Specifically

Plaintiff was paid less than Brent McConnell during a period when they were performing

substantially identical work under the same working conditions because of Plaintiff's gender, female.

6.      On March 4, 2012 Plaintiff suffered a severe injury to her left leg when a horse she had been

riding fell on her. She had a surgical reduction of two fractures and returned to work on March 11, 2012 on a walker with external fixation devices maintaining the alignment of the bone in her lower left leg. In April 2012 Plaintiff was denied her customary annual raise because of her disabled condition. Others who had not been injured and disabled received their raises as usual.

7.      Notwithstanding the obvious need for accommodations to permit her to function in spite of her severely limited mobility defendant neither offered accommodations nor did it enterer into an interactive process to determine what accommodations were needed and reasonable.

8.      On October 1, 2012 Plaintiff presented defendant with a written statement in which she opposed defendant's conduct in failing to provide her reasonable accommodations for her disabled condition as well as their pay discrimination against her. Almost immediately retaliation began. On December 15, 2012 defendant slashed her annual bonus by 75% from a previous amount of $20,000.00 to $5,000.00. This is in contrast to each of her previous years in which her bonus had escalated. Then on April 8, 2013 defendant fired Plaintiff without just cause and in retaliation for having opposed conduct made illegal under Title VII and the ADAAA.

VI. CAUSE OF ACTION TITLE VII

9.      Plaintiff is an employee as that term is defined in Title VII of the 1964 Civil Rights Act as amended.

10.      Defendant is an employer as that term is defined in Title VII of the 1964 Civil Rights Act as amended.

11.      Continuously through her employment defendant discriminated against Plaintiff with regard to her compensation and on account of her sex.

12.      On April 8, 2013 in violation of Title VII defendant fired Plaintiff for opposing conduct made

illegal under the act.

## VII. ADAAA

13.     By failing to provide reasonable accommodation for Plaintiff in her mobility impaired condition defendant violated the ADAAA. By terminating Plaintiff for complaining about lack of accommodations defendant retaliated against Plaintiff in violation of the ADAAA.

## VIII.
## PRAYER

Upon final hearing Plaintiff asks the court to grant the following relief:

14.     Grant a Declaratory Judgment declaring defendant's action to be in violation of  to be in violation of Title VII of the 1964 Civil Rights Act and the ADAAA.

15.     Grant a permanent injunction enjoining defendant from discriminating against Plaintiff her sex.

16.     Grant Plaintiff back pay, front pay, reinstatement into her previous job and such other equitable relief to which she may show herself entitled.

17.     Grant Plaintiff compensatory damages to compensate her.

18.     Grant Plaintiff an award of pre-judgment and post judgment interest on all amounts awarded pursuant to Plaintiff claims.

19.     Grant Plaintiff an award of all costs and attorney's fees for the preparation, trial and all appeals of this civil action.

20.     Grant Plaintiff such further relief as the court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury with respect to all issues so triable.

Respectfully Submitted,

**THORPE, HATCHER & WASHINGTON, PLLC**
2214 Main Street
Dallas, Texas 75201
214/969-5500
214/969-9060 FAX

By:  /s/Steven B. Thorpe
   Steven B. Thorpe
   State Bar No. 19990500
   Carla S. Hatcher
   State Bar No. 09219500

**ATTORNEYS FOR PLAINTIFF**